IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-00033-CMA-MEH

SSC PUEBLO OPERATING COMPANY LLC,

    Petitioner,

v.

KELLY EARL,

    Respondent.

---

**ORDER DENYING MOTION TO DISMISS PETITION TO COMPEL ARBITRATION UNDER FED. R. CIV. P. 12(b)(7)**

---

This matter is before the Court on Respondent Kelly Earl's Motion to Dismiss Petition to Compel Arbitration Under Rule 12(b)(7) for Failure to Join a Required Party Under Rule 19 ("Motion to Dismiss"). (Doc. # 13.) For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

This is an action to compel arbitration pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. Petitioner SSC Pueblo Operating Company LLC d/b/a Minnequa Medicenter ("Minnequa") is a skilled nursing facility located in Pueblo, Colorado. (Doc. # 1 at ¶ 19.) The underlying dispute arises from injuries sustained by Ms. Earl on October 30, 2020, while she was in the care and custody of Minnequa, when a sling to a Hoyer Lift lift broke and Ms. Earl fell to the ground and sustained

fractures to her spine. (Doc. # 13 at 2.) Ms. Earl filed an action in the District Court of Pueblo County, Colorado on November 30, 2021. (*Id.* at 3.) The defendants in the state court action are Minnequa, its affiliate Savaseniorcare Administrative Consulting, LLC ("Savaseniorcare"), Administrator Elizabeth Peralta, and Director of Nursing Lisa D. Reed. (*Id.*); (Doc. # 1-2 at 2–3.)

Minnequa initiated this action on January 6, 2022. In its Petition to Compel Arbitration (Doc. # 1), Minnequa requests this Court enforce the mandatory arbitration provisions of an Agreement for Dispute Resolution Program ("DRP"), which Ms. Earl executed in 2016 as a resident at Minnequa. (Doc. # 1-4.) Also on January 6, 2022, Minnequa filed a motion to stay proceedings in the state court action pending the outcome of this case. (Doc. # 13 at 4.) The state court judge granted Minnequa's motion to stay proceedings on March 29, 2022. (Doc. # 13-6.)

Ms. Earl filed the instant Motion to Dismiss on April 15, 2022, on the basis that Minnequa failed to include the other three state defendants in this action. (Doc. # 13.) Ms. Earl argues that because these parties are necessary and indispensable, and joinder of two of these parties would defeat diversity and thus deprive this court of subject matter jurisdiction, dismissal is appropriate under Fed. R. Civ. P. 12(b)(7). Minnequa filed a Response (Doc. # 14), and Ms. Earl filed a notice informing the Court that she would not file a Reply (Doc. # 15). The matter is now ripe for review.

## II. LEGAL STANDARDS

In actions brought under the FAA, there must be an independent basis for a federal district court to exercise jurisdiction. *Moses H. Cone Memorial Hosp. v. Mercury*

*Const. Corp.*, 460 U.S. 1, 25 n. 32 (1983) (observing that the FAA "is something of an anomaly in the field of federal-court jurisdiction" and that "it does not create any independent federal question jurisdiction under 28 U.S.C. § 1331"). Accordingly, "there must be diversity of citizenship or some other independent basis for federal jurisdiction" before the Court may issue an order compelling arbitration. *Id.* Where, as here, the petitioner relies on diversity jurisdiction, there must be complete diversity of the parties. 28 U.S.C. § 1332(a).

Federal Rule of Civil Procedure 12(b)(7) allows for the dismissal of a case if a party fails to join a required party under Rule 19 of the Federal Rules of Civil Procedure. In order to dismiss a case pursuant to Rule 12(b)(7), the Court must find that (1) the party is a required person under Rule 19(a), (2) joinder of the party is infeasible, and (3) dismissal is appropriate. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Intrawest ULC*, No. 13-cv-00079-PAB-KMT, 2014 WL 1016072, at *2 (D. Colo. Mar. 14, 2014). A required party under Rule 19(a) is one "whose joinder will not deprive the court of subject matter jurisdiction" and either: (1) the court "cannot accord complete relief" in that person's absence or (2) disposing of the matter would impair the person's legal interests or leave an existing party subject to duplicate or inconsistent obligations. Fed. R. Civ. P. 19(a). If the party is a required party but joining it to the action would destroy complete diversity, the court must decide under Rule 19(b) whether the party is "indispensable" such that "the action cannot 'in equity' and 'good conscience' proceed in that person's absence." *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278–79 (10th Cir. 2012) (quoting Fed. R. Civ. P. 19(b)). "The proponent of a motion to dismiss

under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band of Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

### III.   DISCUSSION

Ms. Earl argues that the Petition to Compel Arbitration should be dismissed because Minnequa "exclude[d] necessary and indispensable parties to this action" by omitting three of the four defendants in the state court action. (Doc. # 13 at 6.) She asserts that two of those defendants—Administrator Elizabeth Peralta and Director of Nursing Lisa D. Reed, both residents of Colorado—would defeat complete diversity and thus deprive this Court of subject matter jurisdiction.[1] (*Id.* at 7–8.) In addition, Ms. Earl argues that dismissal is appropriate because this Court should not encourage forum shopping. (*Id.* at 5–6.)

In FAA actions where federal jurisdiction is based on diversity, "circuit decisions [have been] unanimous in looking only to the citizenship of the parties to the federal action" to evaluate diversity. *Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 489 (8th Cir. 2010).[2] "A traditional principle of diversity jurisdiction is that it

---

[1] Ms. Earl is a resident of Colorado. (Doc. # 1 at ¶ 5.) Minnequa is a single-member limited liability company incorporated in Delaware with its principal place of business in Georgia. (*Id.* at ¶ 4.)

[2] In *Rutherford*, the Eighth Circuit distinguished FAA diversity cases from federal question cases. 605 F.3d at 489. In cases based upon federal question jurisdiction, the Supreme Court held that a federal court "may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009). However, the *Rutherford* court determined that *Vaden* did not disturb the established rule that a federal court may look only to the citizenship of the parties to the federal action to determine

4

cannot be defeated by a non-diverse joint tortfeasor who is not a party to the federal action, unless that party is indispensable under Rule 19." *Id.* at 490–91. With respect to federal actions to compel arbitration, "every circuit to consider the issue has concluded that a party joined in a parallel state court contract or tort action who would destroy diversity jurisdiction is not an indispensable party under Rule 19." *Id.* at 491. More specifically, other courts have determined that nursing home administrators—such as Peralta and Reed—are not necessary parties under Rule 19 when another alleged tortfeasor seeks to enforce arbitration. *See id.* (finding that a non-diverse administrator of a nursing home was not an indispensable party to an arbitration action between the nursing home and a resident of nursing home); *THI of N.M. at Hobbs Center, LLC v. Spradlin*, 893 F. Supp. 2d 1172, 1179 (D.N.M. 2012) (same); *Canyon Sudar Partners, LLC v. Cole ex rel. Haynie*, No. 3:10-1001, 2011 WL 1233320 (S.D. W. Va. Mar. 29, 2011) (same).

      Ms. Earl fails to show why Peralta and Reed are necessary parties to this case other than arguing that they are named defendants in the state court action and that they are potentially included in the scope of the DRP as "employees" or "agents" of Minnequa. (Doc. # 13 at 9.) The Court finds that Peralta and Reed are not necessary or indispensable parties under Rule 19 "because this Court can administer complete relief—an order compelling arbitration—among the existing parties," and Peralta and Reed are "not claiming an interest in this arbitration action that will be impaired by [their]

---

diversity—it need not "'look through' to 'the whole controversy as framed by the parties'" in deciding § 4 diversity jurisdiction disputes." *Rutherford*, 605 F.3d at 489–90.

absence." *THI of N.M. at Hobbs Center, LLC v. Patton*, 851 F. Supp. 2d 1281, 1288 (D.N.M. 2011). The mere fact that Ms. Earl may have asserted claims in state court against individuals who had some involvement in the underlying transactions does not make those individuals necessary parties to this action, in which the sole issue is whether Ms. Earl is to be compelled to arbitrate her claims against Minnequa. *See Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 822 (S.D. Miss. 2001).

In addition, the Court is unpersuaded by Ms. Earl's argument that dismissal is warranted because permitting Minnequa to petition to compel arbitration in federal court will "subject the parties to potential piecemeal and inconsistent results." (Doc. # 13 at 13.) Failing to dismiss this FAA action to compel arbitration "may result in piecemeal litigation," but "that factor alone is not compelling enough" to find Peralta and Reed to be indispensable parties. *Patton*, 851 F. Supp. 2d at 1288. Likewise, the Court rejects Ms. Earl's assertion that this case should be dismissed to discourage forum shopping. (Doc. # 13 at 14.) Ms. Earl correctly notes that Minnequa could have attempted to compel arbitration in state court. (*Id.* at 13–14.) However, Ms. Earl provides no explanation or justification as to why Minnequa's choice to file its action in federal court is improper. To the contrary, the FAA expressly permits a party to file a motion to compel arbitration in federal court even where, as here, there is an underlying lawsuit pending in state court. 9 U.S.C. § 4; *see Watermark Harvard Square, LLC v. Calvin*, No. 17-cv-00446-RM-KMT, 2018 WL 1166707, at *6 (D. Colo. Mar. 6, 2018) (finding that "there is nothing vexatious about Plaintiffs seeking adjudication of the federal FAA claim in federal

6

court"), *report and recommendation adopted*, 2018 WL 1952587 (D. Colo. Mar. 29, 2018).

The Court finds that Ms. Earl has not met her burden "of producing evidence showing the nature of the interest possessed by [Peralta and Reed] and that the protection of that interest will be impaired by the[ir] absence." *Collier*, 17 F.3d at 1293. The Court therefore declines to reject the well-settled principle that a party in a parallel state court action who would destroy diversity jurisdiction is not an indispensable party under Rule 19 in a federal action to compel arbitration. *Rutherford*, 605 F.3d at 491. Because the Court finds that the three other state court defendants are not necessary or indispensable parties under Rule 19, dismissal under Rule 12(b)(7) is not appropriate. *See N. Arapaho Tribe*, 697 F.3d at 1278. Ms. Earl's Motion to Dismiss must therefore be denied.

## IV.     CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss Petition to Compel Arbitration Under Rule 12(b)(7) for Failure to Join a Required Party Under Rule 19 (Doc. # 13) is DENIED.

DATED:  August 11, 2022

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
Senior United States District Judge